Ira S. Dizengoff, Esq.
Shaya Rochester, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Scott L. Alberino, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INNER CITY MEDIA CORPORATION, *et al.*, | ) Case No. 11-13967 (SCC) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 330 AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Inner City Media Corporation ("***ICBC Media***") and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Inner City Media Corporation (5309), ICBC Broadcast Holdings, Inc. (2429), Inner City Broadcasting Corporation of Berkeley (5990), ICBC Broadcast Holdings – CA, Inc. (5311), ICBC-NY, L.L.C. (8879), Urban Radio, L.L.C. (6747), Urban Radio I, L.L.C. (2649), Urban Radio II, L.L.C. (2701), Urban Radio III, L.L.C. (2747), Urban Radio IV., L.L.C. (3662), Urban Radio of Mississippi, L.L.C. (1154), and Urban Radio of South Carolina, L.L.C. (5231). The principal corporate location of the Debtors is: 3 Park Avenue, 40th Floor, New York, NY 10016. The service address for all of the Debtors is 3 Park Avenue, 40th Floor, New York, NY 10016.

**Introduction**

1. On August 19, 2011 (the "***Involuntary Date***"), involuntary chapter 11 petitions (the "***Involuntary Petitions***") were filed against each of the Debtors by Yucaipa Corporate Initiatives Fund II, L.P., Yucaipa Corporate Initiatives (Parallel) Fund II, L.P., CF ICBC LLC, Fortress Credit Funding I L.P., and Drawbridge Special Opportunities Fund Ltd. (collectively, the "***Petitioning Creditors***").[2]

2. On September 8, 2011 (the "***Relief Date***"), upon the consent of the Debtors, the Court entered orders for relief commencing chapter 11 cases for each of the Debtors. The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "***Bankruptcy Code***").[3]

**Relief Requested**

3. By this motion (the "***Motion***"), the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "***Order***"), pursuant to sections 105, 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), establishing procedures for interim compensation and reimbursement of expenses for Professionals (defined below).

---

[2] The Petitioning Creditors also filed an involuntary chapter 11 petition against ICBC Broadcast Holdings-NY, Inc. ("***Holdings-NY***"). On September 16, 2011, however, the Petitioning Creditors withdrew the involuntary petition against Holdings-NY and, therefore, Holdings-NY is not a Debtor in these cases.

[3] Information regarding the Debtors' business and the background of these chapter 11 cases can be found in the Declaration of William C. Cooper Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Pleadings (the "***First Day Declaration***") filed on the Relief Date.

## Basis for Relief

**A.    Retention of Professionals**

4.    The Debtors, as debtors in possession, have filed applications to retain: (a) Akin Gump Strauss Hauer & Feld LLP, as their general restructuring counsel; (b) Rothschild Inc., as their financial advisor and investment banker; (c) The Garden City Group, Inc., as their notice and claims agent and as administrative agent; and (d) Marotta Gund Budd & Dzera, LLC, as their bankruptcy consultants and special financial advisor (collectively, the "***Debtors' Professionals***").  The Debtors anticipate they may also retain other professionals during the course of these chapter 11 cases as the need arises.[4]

5.    The Debtors believe that establishing orderly procedures for the payment of fees and expenses of attorneys and other professionals retained under Bankruptcy Code sections 327 or 1103(a) and who will be required to file applications for allowance of compensation and reimbursement of expenses under Bankruptcy Code sections 330 and 331 (collectively, the "***Professionals***") will streamline the administration of these chapter 11 cases and promote efficiency for the Court, the United States Trustee for the Southern District of New York (the "***U.S. Trustee***") and all other parties in interest.  A streamlined process for serving monthly fee applications, interim fee applications, and the notices thereof is in the best interests of the Debtors and their estates because it will facilitate the efficient review of the Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

---

[4]    The Debtors have also filed a motion for authority to retain and compensate certain attorneys employed by the Debtors in the ordinary course of their business (the "***OCP Motion***") [Docket No. 44].  The OCP Motion seeks authority for the Debtors to continue to retain attorneys in the ordinary course of business on terms substantially similar to those in effect before the Relief Date.  If the OCP Motion is granted, ordinary course attorneys would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to monthly and aggregate fee caps.

**B.     The Proposed Compensation Procedures**

6.     The Debtors request entry of an order in accordance with the standing General Order M-412 of the Bankruptcy Court for the Southern District of New York, signed on December 21, 2010 by Chief Bankruptcy Judge Arthur J. Gonzalez (the "*Standing Order*"), establishing procedures for monthly compensation and reimbursement of expenses of professionals pursuant to Bankruptcy Code sections 105(a) and 331.

7.     In accordance with the Standing Order, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "*Compensation Procedures*") be structured as follows:

   a. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under the Order shall serve a monthly statement ("*Monthly Fee Statement*"), by hand or overnight delivery on (i) Inner City Media Corporation, 3 Park Avenue, 40th Floor, New York, NY 10016, Attn.: William C. Cooper; (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 Attn.: Ira S. Dizengoff and Shaya Rochester; (iii) Cadwalader Wickersham & Taft LLP, counsel to Yucaipa Corporate Initiatives Fund II, L.P. and Yucaipa Corporate Initiatives (Parallel) Fund II, L.P.; (iv) Schulte Roth & Zabel LLP, counsel to Fortress Credit Funding I, LP, Fortress Credit Funding II, LP, Drawbridge Special Opportunities Fund Ltd., and ICBC CF LLC; and (v) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Serene Nakano (collectively, the "*Application Recipients*").

   b. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under the Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Court's chambers. Entry of the Order will not alter the fee application requirements set forth in Bankruptcy Code sections 330 and 331. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

   c. Each Monthly Fee Statement must contain a list of the individuals – and their respective titles (e.g., attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated

June 20, 1991 and April 19, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d.  If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the fifteenth (15th) day (or the next business day if such day is not a business day) following the filing of the Monthly Fee Application, file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to and the Application Recipients, a written "Notice Of Objection To Fee Statement" (an "*Objection*"), setting forth the nature of the objection and the amount of fees or expenses at issue.

e.  At the expiration of the fifteen (15) day period (or the next business day if such day is not a business day), the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d).

f.  If an Objection is filed, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed unless the Professional whose Monthly Fee Statement is objected obtains an order from the Court directing payment to be made; provided, however, that in all instances, the Debtors shall promptly pay the remaining portion of the fees and expenses for which no Objection has been filed in the percentages set forth in paragraph (e).

g.  If the parties to an Objection are able to resolve their dispute following the filing of an Objection and if the party whose Monthly Fee Statement was objected to files a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an Objection.

h.  All Objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below).

i.  The service of an Objection shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

5

j.  Approximately 120 days, but no more than every 150 days (the "***Interim Fee Period***"), each Professional shall file with the Court and serve on the Application Recipients a request (an "***Interim Fee Application Request***") for interim Court approval and allowance of compensation and reimbursement of expenses sought by the Professionals in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code sections 330 and 331. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional and the Application Recipients so as to be received on or before the fifteenth (15th) day (or the next business day if such day is not a business day) following the filing of the Interim Fee Application.

k.  Any Professional who fails to file a Monthly Fee Application seeking approval of compensation and expenses previously paid under the Order when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last Monthly Fee Application, whichever is later.

l.  The pendency of an Objection stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

8. The Debtors further request that the Court order that full copies of interim and final fee applications (collectively, the "***Applications***") shall be served upon the Application Recipients and that all other parties that have filed a notice of appearance and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notices of hearings on the Applications (each, a "***Hearing Notice***"), with a right to receive copies of the Applications only upon request. Because the Applications are anticipated to be voluminous, the Debtors submit that serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees efficiently and will save unnecessary duplications and mailing expenses.

9. The Debtors believe that the proposed Compensation Procedures will enable the Debtors and other core parties in interest to closely monitor costs of administration, maintain level cash flow availability and implement efficient cash management procedures. Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by the Professionals.

## Supporting Authority

10. Pursuant to Bankruptcy Code section 331, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits. Local Rule 2016-1 authorizes the use of interim compensation procedures.

11. Bankruptcy courts in this district regularly grant relief similar to that requested herein and have recognized that the permissive language of Bankruptcy Code section 331 provides authority for the entry of orders establishing procedures for monthly compensation and reimbursement of expenses of professionals. *See, e.g., In re Archbrook Laguna Holdings LLC*, No. 11-13292 (Bankr. S.D.N.Y. July 8, 2011)*; In re Uno Rest. Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. Mar. 5, 2010); *In re DBSD N. Am. Inc.,* No. 09-13061 (Bankr. S.D.N.Y. June 5, 2009); *In re PetroRig I Pte Ltd,* No. 09-13083 (Bankr. S.D.N.Y. May 19, 2009); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. Apr. 1, 2009).

12. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). The size of these cases and the amount of time and effort that will be required from the

7

Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

13. The Debtors respectfully submit that the Compensation Procedures sought herein are appropriate in light of the foregoing. The Debtors further submit that the Compensation Procedures substantially comply with the guidelines promulgated by this Court pursuant to Local Rule 2016-1 and the Standing Order.

## Jurisdiction

14. Pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

15. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## Motion Practice

16. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Moreover, in addition to all entities otherwise entitled to receive notice, the Debtors have given notice of this Motion to all entities believed to have or be claiming an interest in the

subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1.

## Notice

17. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Kaye Scholer LLP, counsel to the agent under the Debtors' prepetition secured term loan; (d) Cadwalader Wickersham & Taft LLP, counsel to Yucaipa Corporate Initiatives Fund II, L.P. and Yucaipa Corporate Initiatives (Parallel) Fund II, L.P.; (e) Schulte Roth & Zabel LLP, counsel to Fortress Credit Funding I, LP, Fortress Credit Funding II, LP, Drawbridge Special Opportunities Fund Ltd., and ICBC CF LLC; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; and (h) the Federal Communications Commission. A copy of this Motion is also available on the website of the Debtors' notice and claims agent, GCG, Inc., at http://www.gcginc.com/cases/ICBC. The Debtors respectfully submit that no other or further notice need be provided.

## No Prior Request

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: September 16, 2011<br>New York, New York | AKIN GUMP STRAUSS HAUER & FELD LLP<br>By: */s/ Ira S. Dizengoff*<br>Ira S. Dizengoff, Esq.<br>Shaya Rochester, Esq.<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>srochester@akingump.com<br><br>Scott L. Alberino, Esq.<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br>salberino@akingump.com<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| INNER CITY MEDIA CORPORATION, *et al.*, | ) ) ) | Case No. 11-13967 (SCC) |
| Debtors.[1] | ) ) ) | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 330 AND 331
ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "***Motion***")[2] of Inner City Media Corporation ("***ICBC Media***") and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), for entry of an order (the "***Order***"), pursuant to sections 105, 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), establishing procedures for monthly compensation and reimbursement of expenses of Professionals retained by order of this Court, all as more fully described in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Inner City Media Corporation (5309), ICBC Broadcast Holdings, Inc. (2429), Inner City Broadcasting Corporation of Berkeley (5990), ICBC Broadcast Holdings – CA, Inc. (5311), ICBC-NY, L.L.C. (8879), Urban Radio, L.L.C. (6747), Urban Radio I, L.L.C. (2649), Urban Radio II, L.L.C. (2701), Urban Radio III, L.L.C. (2747), Urban Radio IV., L.L.C. (3662), Urban Radio of Mississippi, L.L.C. (1154), and Urban Radio of South Carolina, L.L.C. (5231). The principal corporate locations of the Debtors is 3 Park Avenue, 40th Floor, New York, NY 10016. The service address for all of the Debtors is 3 Park Avenue, 40th Floor, New York, NY 10016.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted to the extent set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals in these cases may seek monthly compensation in accordance with the following procedure:

    a. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall serve a monthly statement ("*Monthly Fee Statement*"), by hand or overnight delivery on (i) Inner City Media Corporation, 3 Park Avenue, 40th Floor, New York, NY 10016, Attn.: William C. Cooper; (ii) proposed counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 Attn.: Ira S. Dizengoff and Shaya Rochester; (iii) Cadwalader Wickersham & Taft LLP, counsel to Yucaipa Corporate Initiatives Fund II, L.P. and Yucaipa Corporate Initiatives (Parallel) Fund II, L.P.; (iv) Schulte Roth & Zabel LLP, counsel to Fortress Credit Funding I, LP, Fortress Credit Funding II, LP, Drawbridge Special Opportunities Fund Ltd., and ICBC CF LLC; and (v) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Serene Nakano (collectively, the "*Application Recipients*").

    b. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Court's chambers. Entry of this Order will not alter the fee application requirements set forth in Bankruptcy Code sections 330 and 331. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

c. Each Monthly Fee Statement must contain a list of the individuals – and their respective titles (e.g., attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 20, 1991 and April 19, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d. If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the fifteenth (15th) day (or the next business day if such day is not a business day) following the filing of the Monthly Fee Application, file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to and the Application Recipients, a written "Notice Of Objection To Fee Statement" (an "*Objection*"), setting forth the nature of the objection and the amount of fees or expenses at issue.

e. At the expiration of the fifteen (15) day period (or the next business day if such day is not a business day), the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d).

f. If an Objection is filed, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed unless the Professional whose Monthly Fee Statement is objected obtains an order from the Court directing payment to be made; provided, however, that in all instances, the Debtors shall promptly pay the remaining portion of the fees and expenses for which no Objection has been filed in the percentages set forth in paragraph (e).

g. If the parties to an Objection are able to resolve their dispute following the filing of an Objection and if the party whose Monthly Fee Statement was objected to files a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an Objection.

h. All Objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below).

i. The service of an Objection shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy

Code on any ground whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j. Approximately 120 days, but no more than every 150 days (the "***Interim Fee Period***"), each Professional shall file with the Court and serve on the Application Recipients a request (an "***Interim Fee Application Request***") for interim Court approval and allowance of compensation and reimbursement of expenses sought by the Professionals in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to Bankruptcy Code sections 330 and 331. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional and the Application Recipients so as to be received on or before the fifteenth (15th) day (or the next business day if such day is not a business day) following the filing of the Interim Fee Application.

k. Any Professional who fails to file a Monthly Fee Application seeking approval of compensation and expenses previously paid under the Order when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last Monthly Fee Application, whichever is later.

l. The pendency of an Objection stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3. Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the Professional's retention and ending on September 30, 2011.

4. The amount of fees and disbursements sought shall be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S.

4

dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application).

5. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

6. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists by seeking a further order of this Court; otherwise, this Order shall continue and shall remain in effect during the pendency of these cases.

7. Service of the Applications may be limited to the Application Recipients. All other parties that have filed a notice of appearance and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notices of hearings on the Applications, with a right to receive copies of the Applications upon request.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*") are satisfied by such notice.

10. Notwithstanding any provision in this Order to the contrary, any payment authorized to be made, or any other authorization contained hereunder, shall be and hereby is subject in all respects to the terms and provisions of any and all orders of this Court, including, without limitation, any budget(s) approved by the Court in connection therewith.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The requirement set forth in Local Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: October ___, 2011  
New York, New York

THE HONORABLE SHELLEY C. CHAPMAN  
UNITED STATES BANKRUPTCY JUDGE