UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| INNER CITY MEDIA CORPORATION, et al., | ) Case No. 11-13967 (SCC) |
| Debtors.[1] | ) Jointly Administered |

## ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Upon the motion (the "*Motion*")[2] of the above-captioned debtors (collectively, the "*Debtors*") for entry of an order dismissing the Debtors' chapter 11 cases and granting related relief; and this Court having reviewed the Motion and having conducted a hearing on the Motion at which time the Debtors and all parties in interest were given an opportunity to be heard; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that notice of the Motion and the opportunity for hearing thereon was adequate and appropriate under the circumstances and no other notice need be given; and the Court finding that the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein and that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Inner City Media Corporation (5309), ICBC Broadcast Holdings, Inc. (2429), Inner City Broadcasting Corporation of Berkeley (5990), ICBC Broadcast Holdings – CA, Inc. (5311), ICBC-NY, L.L.C. (8879), Urban Radio, L.L.C. (6747), Urban Radio I, L.L.C. (2649), Urban Radio II, L.L.C. (2701), Urban Radio III, L.L.C. (2747), Urban Radio IV., L.L.C. (3662), Urban Radio of Mississippi, L.L.C. (1154), and Urban Radio of South Carolina, L.L.C. (5231). The principal corporate location of the Debtors is: 395 Hudson Street, 7th Floor, New York, NY 10014. The service address for all of the Debtors is 395 Hudson Street, 7th Floor, New York, NY 10014.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

objections to the requested relief having been withdrawn, overruled on the merits or sustained to the extent provided herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 1112(b) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

3. Notwithstanding section 349 of the Bankruptcy Code, all prior orders of the Court entered in these proceedings shall survive dismissal of the Debtors' chapter 11 cases.

4. All parties are barred from asserting any claims against (a) the Debtors, (b) the Senior Lenders, (c) the Agent, (d) the respective purchasers in the Sale Transactions and (e) the respective directors, officers, employees, attorneys, consultants, advisors and agents (acting in such capacity) of any of the foregoing solely with respect to any act or omission taken in connection with the Motion or this Order; *provided, however*, that nothing herein shall abrogate the application of any disciplinary rules.

5. The Debtors shall pay to the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten (10) days after the entry of this Order and simultaneously shall provide to the U.S. Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

6. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to (a) any order of this Court entered in these cases, including this Order, (b) any interim or final application for allowance of compensation and reimbursement of expenses filed by professionals retained in these chapter 11 cases, and (c) the Artwork Adversary Proceeding.

7. The services of GCG, Inc. ("*GCG*") to act as the claims and noticing agent in these chapter 11 cases are terminated, effective thirty (30) days after the entry of this Order.

8. Prior to its termination as claims and noticing agent, GCG will (a) prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c) and (b) box and transport all claims to the Federal Archives or such other location, as directed by the Clerk's Office.

9. Notwithstanding the possible applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. This Order shall be filed on each of the separate dockets of these jointly administered cases.

New York, New York

Date: December 23, 2014

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE